UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2007 NOV 28  P 4: 17

BY DEPUTY CLERK

| | |
|---|---|
| KENYETTA WASHINGTON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD BRYCE THOMAS WASHINGTON | **DO NOT PUBLISH** |
| | CIVIL ACTION |
| VERSUS | NO. 07-634-A |
| WAL-MART LOUISIANA, L.L.C. AND BIG SHOT BEVERAGES, INC. | |

## RULING ON MOTIONS

This matter is before the court on a motion to remand by plaintiff, Kenyetta Washington (doc. 6). Plaintiff has filed a memorandum in support of the motion (doc. 7) and an amended motion to remand (doc. 9). Defendant, Big Shot Beverages, Inc. ("Big Shot Beverages") has opposed the motion (doc. 16). Also before the court is a motion by defendant, Big Shot Beverages, to dismiss all claims asserted against it pursuant to Fed.R.Civ.P. 12(b)(6) (doc. 12). Defendant has filed a memorandum in support of the motion (doc. 13). Plaintiff has opposed the motion and requested, in the alternative, leave to amend her petition for damages (doc. 14). Diversity jurisdiction is alleged under 28 U.S.C. § 1332. There is no need for oral argument.

19th JDC (cert copy)

## FACTS AND PROCEDURAL HISTORY

On August 7, 2007, plaintiff filed suit in the Nineteenth Judicial District Court, Parish of Baton Rouge, State of Louisiana, naming Wal-Mart[1] and Big Shot Beverages[2] as defendants. Plaintiff alleges that, on July 21, 2006, she slipped and fell in a Wal-Mart store located in Zachary, Louisiana, and suffered injuries to her body and to the minor child, Bryce Thomas Washington, who was in utero at the time of the accident. The petition further alleges that the accident and resulting injury and damages were caused solely and proximately by the fault and negligence of Wal-Mart and Big Shot Beverages. (Doc. 1, Ex. 1, p. 2).

On August 30, 2007, defendants removed this action to federal court, alleging diversity jurisdiction (doc. 1). Wal-Mart answered the complaint on September 6, 2007, (doc. 5) but has filed no pleading related to the matters presently before the court. Plaintiff moved to remand on September 17, 2007 (doc. 6) and filed an amended motion to remand (doc. 9) on September 18, 2007. Big Shot Beverages filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on September 26, 2007.

---

[1]Defendant, Wal-Mart, Louisiana, L.L.C., incorrectly referred to in the original petition as a corporation, is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas (doc. 1, p. 2).

[2]Defendant, Big Shot Beverages, Inc., is a Delaware corporation with its principal place of business in Baton Rouge, Louisiana (doc. 1, p. 2).

## LAW AND DISCUSSION

Plaintiff contends that the case should be remanded, solely on the ground that her claim does not exceed the jurisdictional minimum amount of $75,000 required by 28 U.S.C. § 1332 (doc. 6). Defendant, Big Shot Beverages, in its opposition to remand (doc. 16), argues exclusively that the amount in controversy exceeds the jurisdictional amount. Neither party addresses the diversity requirement under 28 U.S.C. § 1332.

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2622, 2617, 162 L.Ed.2d 502 (2005) (quoting *Kokkonen V. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). A federal district court must always first address the issue of its subject matter jurisdiction. See *e.g.*, *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). For a district court of the United States to exercise jurisdiction based on the diversity statute, 28 U.S.C. § 1332, all defendants must be diverse from the plaintiff. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). "[U]nder 28 U.S.C. § 1332(c)1), a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business.'" *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317, 126 S.Ct. 941, 951, 163 L.Ed.2d 797 (2006) (*quoting* 28 U.S.C. § 1332(c)(1)).

Both plaintiff's petition and the notice of removal filed by defendant, Big Shot Beverages, state that the plaintiff, Kenyetta Washington, is a resident[3] of Louisiana (doc. 1, Ex. 1, ¶ 1; (doc. 1, ¶ 3). Defendant, Big Shot Beverages, also stated in its notice of removal that Big Shot Beverages is a Delaware corporation with its principle place of business in Louisiana (doc. 1, ¶ 4(b)). Complete diversity between the plaintiff and defendants is, therefore, absent and it is apparent that this court lacks federal subject matter jurisdiction over the action. Once having found that jurisdiction is absent, the court must go no further. Therefore, the court cannot address the motion to dismiss, filed by defendant, Big Shot Beverages.

## CONCLUSION

Accordingly, the motion by plaintiff, Kenyetta Washington, to remand (doc. 6), is hereby **GRANTED**, and this action shall be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, all costs to be assessed against the removing party.

Baton Rouge, Louisiana, November 28, 2007.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3]The court assumes that defendant means "citizen" rather than "resident," since 28 U.S.C. § 1332 is concerned only with citizenship – not residence. The court also notes that a limited liability company assumes the citizenship of each of its members and that no such information is made available to the court by the moving party.