UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KENYETTA WASHINGTON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD BRYCE THOMAS WASHINGTON | |
| VERSUS | CIVIL ACTION<br><br>NO. 07-634-JVP-SCR |
| WAL-MART LOUISIANA, L.L.C. AND BIG SHOT BEVERAGES, INC. | |

## RULING ON MOTIONS

This matter is before the court on a "motion for reconsideration"[1] by defendant, Big-Shot Beverages, Inc. ("Big Shot Beverages") (doc. 18). The motion seeks reconsideration of the court's ruling (doc. 17) granting a motion to remand, filed by plaintiff, Kenyetta Washington ("Plaintiff") (doc. 6). Plaintiff amended her original motion to remand (doc. 9) and filed a memorandum in support of the motion (doc. 7). Big-Shot Beverages opposed the motion to remand (doc. 16).

Big-Shot Beverages has filed a memorandum in support of its motion for reconsideration (doc. 18-4). Plaintiff has opposed the motion (doc. 24), and Big-Shot Beverages has replied to Plaintiff's opposition (doc. 26).

There is no need for oral argument and jurisdiction is alleged under 28 U.S.C. § 1332.

---

[1] While the Federal Rules of Civil Procedure do not provide for a "motion for reconsideration," the court will accept the pleading as a motion for relief from an order of the court under Rule 60(b).

1


cc: 19th JDC

## FACTS AND PROCEDURAL HISTORY

On August 7, 2007, Plaintiff filed suit in the Nineteenth Judicial District Court, Parish of Baton Rouge, State of Louisiana, naming Wal-Mart, Louisiana, L.L.C.[2] and Big-Shot Beverages as defendants. Plaintiff alleges that, on July 21, 2006, she slipped and fell in a Wal-Mart store located in Zachary, Louisiana, injuring both herself and her son, who was in utero at the time. The petition further alleges that the accident and resulting injury and damages were caused solely and proximately by the fault and negligence of Wal-Mart, Louisiana, L.L.C. and Big-Shot Beverages. (doc. 1, Ex. 1, ¶ 5).

On August 30, 2007, Big-shot Beverages, with the consent of Wal-Mart, Louisiana, L.L.C., removed this action to federal court, alleging diversity jurisdiction (doc. 1). Wal-Mart, Louisiana, L.L.C. answered the complaint on September 6, 2007, (doc. 5) but has filed no pleading related to the matters presently before the court. Plaintiff moved to remand on September 17, 2007 (doc. 6) and filed an amended motion to remand on September 18, 2007 (doc. 9). On September 26, 2007, Big-Shot Beverages filed a motion to dismiss for failure to state a claim (doc. 12).

On November 29, 2007, this court granted plaintiff's motion to remand, concluding that full diversity was not present in light of declarations by Big-Shot

---

[2] The court is now informed that defendant, Wal-Mart, Louisiana, L.L.C., incorrectly referred to in the original petition as a corporation, is a Delaware limited liability company (doc. 1, p. 2).

Beverages that: (1) "Plaintiffs are residents of and are domiciled in the Parish of East Baton Rouge, State of Louisiana"; and (2) "Defendant, Big-Shot Beverages, Inc., is a Delaware corporation with its principal place of business in Louisiana on the 22nd Floor, One American Place, Baton Rouge, Louisiana, 70802" (doc. 1, ¶¶ 3,4).

The court also stated that the citizenship of a limited liability company is determined by the citizenship of its members but noted that the removing party had not provided the court with that information. *See* (doc. 17, p. 4, n. 3).

Concluding that subject matter jurisdiction was absent, the court did not address Big-Shot Beverages' 12(b)(6) motion to dismiss.

Big-Shot Beverages filed the current motion for reconsideration on the same day the court issued its ruling on the motion to remand.

## LAW AND DISCUSSION

**Motion to Reconsider**

The Fifth Circuit interprets motions to reconsider dispositive pretrial orders as analogous to Rule 60(b) motions for relief from judgment or Rule 59(e) motions to alter or amend the judgment, depending on whether the motion was filed within ten days of the issuance of the order. See e.g., *Shepherd v. International Paper* Co., 372 F.3d 326, 328, n. 1 (5th Cir. 2004) (holding that a motion for reconsideration of a summary judgment should be construed as a Rule 59(e) motion when it is filed within ten days of rendition of the judgment, but a Rule 60(b) motion if filed later than that); *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371, n. 10 (5th Cir. 1998)

(same); Lavespere *v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (same).

District courts in the Fifth Circuit have applied the same reasoning to interlocutory decisions. See *Dozier v. Hinds County*, 379 F.Supp.2d 834 (S.D.Miss. 2005) (holding that motions to reconsider an order on a motion to remand are to be analyzed under Fed.R.Civ.P. 59(e)); *Lee v. State Farm Mut. Auto. Ins. Co.*, 360 F.Supp.2d 825 (S.D.Miss. 2005) (same); *Barkley v. First Franklin Financial Corp.*, 367 F.Supp.2d 1052 (S.D.Miss. 2005) (same).

In the present case, Big-Shot Beverages argues that the court's ruling on the motion to remand was based on a manifest error of fact. Big-Shot Beverages now asserts that its principal place of business is in Michigan, not Louisiana (doc. 26). It contends that the statement in the notice of removal was not meant to suggest that Big-Shot Beverages' principal place of business is in Louisiana, but that in Louisiana, its principal place of business is in Baton Rouge (doc. 18-4).[3] Big-Shot Beverages further argues that its inclusion of that statement in the notice of removal should not defeat diversity where the plaintiff has already "judicially admitted" that diversity exists on the face of the pleadings. In fact, Big-Shot Beverages captioned its motion

---

[3]Big-Shot Beverages contends that it merely adopted the language from the Louisiana Secretary of State Corporations database, but has not stated why it would choose to include an irrelevant passage from the Secretary of State's Corporate Database into its statement of citizenship of the parties (doc. 18-4).

as a "Motion for Reconsideration Based on Plaintiff's Judicial Admission that Diversity Among Parties Does Exist" (doc. 18).

The law does not support Big-Shot Beverages' contention that the parties are diverse simply because the plaintiff has made a "judicial admission" that diversity is present. "The 'parties cannot waive subject matter jurisdiction.'" *Bridgmon v. Array Systems Corp.*, 325 F.3d 572 (5th Cir. 2003) (quoting *Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 229 (5th Cir. 1990).[4]

Further, even if this court disregarded Big-Shot Beverages' clear language in the notice of removal and accepted the contention that Big-Shot Beverages' principal place of business is in Michigan rather than in Louisiana, Big-Shot Beverages would still have failed to properly address its burden of establishing the citizenship of defendant, Wal-Mart, Louisiana, L.L.C.

The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

The issue is well-settled that, for diversity jurisdiction purposes, a limited liability company is a citizen of every state of which any member is a citizen. See,

---

[4]Big-Shot Beverages also argues that Plaintiff and the Louisiana Secretary of State Corporate Database both refer to it as a "non-resident corporation." 28 U.S.C. § 1332 (a) and (c), however, define diversity based upon "citizenship" rather than "residence."

e.g., *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 585, n. 1, 124 S.Ct. 1920, 158, L.Ed.2d 866 (U.S.2004) (noting that "Courts of Appeals have held the citizenship of each member of an LLC counts for diversity purposes"); *Pramco, LLC ex. rel CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir 2006) (noting that "every circuit to consider this issue has held that citizenship of a limited liability company is determined by the citizenship of all of its members); *Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3F.3d 877, 882 (5th Cir. 1993) (holding that, for purposes of determining whether federal courts have diversity jurisdiction, an unincorporated association is considered to have the citizenship of its members); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 2004) (concluding that, because a limited liability company resembles a limited partnership and "members of associations are citizens for diversity purposes unless Congress provides otherwise," a limited liability company's citizenship "for purposes of diversity jurisdiction is the citizenship of its members").

Despite the assertions of plaintiff and Big-Shot Beverages, defendant Wal-Mart, Louisiana, L.L.C. is not a "non-resident corporation" but is a limited liability company. Big-Shot Beverages has not presented any information regarding the citizenship of the members of Wal-Mart, Louisiana, L.L.C. Instead, Big-Shot Beverages continues urge the court to apply irrelevant corporate diversity criteria to determine the citizenship of a limited liability company. The removing party has

failed to establish that complete diversity of citizenship exists between plaintiff and all defendants.

The court concludes that its ruling on the motion to remand was not based on a manifest error of fact or law and therefore finds that no grounds exist to alter or amend the ruling under Fed.R.Civ.P. 59(e).

## CONCLUSION

Accordingly, the motion for reconsideration (doc. 18), filed by defendant, Big-Shot Beverages, is hereby **DENIED** and this matter shall again be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, February 1, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA